**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**EASTERN DIVISION**

DAVID I. NAMER,
REG. #15869-034                                                          PLAINTIFF

v.                                        2:10-cv-00112-JTK

UNITED STATES OF AMERICA                                          DEFENDANT

## ORDER

This matter is before the Court on Plaintiff's Motions for Relief, In Limine, to Compel and

for Hearing (Doc. Nos. 30, 31, 33, 36).  Defendant filed Responses to the Motions (Doc. Nos. 32,

35), and Plaintiff filed a Reply to the Response to his Motion to Compel (Doc. No. 37).

Plaintiff is a federal inmate incarcerated at the Federal Correctional Institution (FCI), Forrest

City, Arkansas, who filed this Federal Tort Claims Act (FTCA) action against Defendant based on

injuries he received in two accidents at the Unit.

**I.      Motion for Relief**

In this Motion, Plaintiff asks the Court to order Defendant to schedule him for an

examination with an oral surgeon within two weeks, to require that Dr. Sokoloff's prescripted

treatment be implemented within two weeks, and to bar Defendant from transporting him further

than sixty miles from his present place of incarceration.  Plaintiff states in support that he suffered

injuries to his jaw, mouth, left knee and right shoulder when he slipped and fell in the kitchen area

of the Unit on April 18, 2008.  He further states these injuries were exacerbated when he fell out of

a chair which broke on February 21, 2010.   Plaintiff claims Defendants consistently have denied

him requested treatment from an oral surgeon and have failed to surgically repair a torn rotator cuff

in his right shoulder and torn meniscus in his left knee.

1

In its Response, Defendant states Plaintiff cannot obtain injunctive relief in this action filed pursuant to the FTCA.  Defendant cites to Talbert v. United States, 932 F.2d 1064 (4th Cir. 1991), which provides that the FTCA does not support an action for injunctive relief or writ of mandamus. Rather, the statute waives the sovereign immunity of the federal government only for claims for money damages.  Id., 28 U.S.C. §1346(b)(1).  In the alternative, Defendant states that the type of relief Plaintiff seeks is in the nature of a writ of mandamus, which only available when the plaintiff demonstrates a clear right to the relief, the defendant has a clear duty to perform the action, and the plaintiff has no adequate alternative remedy, citing Longie v. Spirit Lake Tribe, 400 F.3d 586, 591 (8th Cir. 2005).   Defendant provides a Declaration of Mary Ellen Rivers-Graham, the Health Services Administrator at FCI-Forrest City, who states that Plaintiff's dental records do not indicate a referral for an oral surgeon consult, and that Plaintiff's knee and shoulder were originally treated with injections.  (Doc. No. 32-1).  A MRI in February, 2011 revealed a tear in his rotator cuff and a MRI in May, 2011 revealed a tear in the medial meniscus, and Plaintiff then saw an orthopedic surgeon.  Id.  According to Ms. Rivers-Graham, the BOP Health services currently is trying to determine the best course of action in having the surgical procedures completed, and is considering Plaintiff for transfer to a Care Level 3 facility of a federal medical center. Id.

A district court "lacks subject matter jurisdiction under the FTCA to provide injunctive and declaratory relief," Estate of Trentadue v. United States, 397 F.3d 840, 863 (10th Cir. 2005).  In light of this, and the fact that Plaintiff currently is receiving treatment for his injuries, the Court will deny Plaintiff's Motion for Relief.

## II.    Motion in Limine

In this Motion, Plaintiff asks the Court to declare that he exhausted his administrative remedies with respect to the claims at issue in his Complaint, and to bar the Defendant from raising a failure to exhaust defense.   Plaintiff states he complied with the exhaustion requirements with respect to most of his claims and that prison officials prevented him from using certain procedures, thus rendering the grievance procedure "unavailable" within the meaning of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e.

Defendant does not directly respond to this Motion.  However, the Court finds such a request inappropriate where Defendant has not yet filed a Motion relying on the exhaustion defense. Therefore, any such determination is premature, and the Court will deny Plaintiff's Motion.

## III.    Motion to Compel/Hearing

In his Motion to Compel, Plaintiff asks the Court to order Defendants to provide investigation reports, notes, journals, logs, and all other documents relating to the two incidents at issue in his Complaint.  Plaintiff also asks for all records of his attempts to receive medical treatment and any medical reports.

In its Response, Defendant states it submitted responses to Plaintiff's first two sets of discovery, which included 781 pages of medical records, a diagram of the food services area, color photographs of the food services area, and names of people responsible during the incidents at issue. Defendant also refers to additional documents attached to its Response to Plaintiff's Motion for Relief, and states that Plaintiff was previously told that no incident or investigative reports of the incidents were produced (Doc. No. 32).  Finally, Defendant states that any attempt by Plaintiff to depose FCI employees should be made through written questions.

Plaintiff filed a Reply in which he disputes the Defendant's Response and states that Defendant provided only one of four names of witnesses to the April 8, 2008 accident, and failed to provide an incident report which was ordered to be prepared by an inmate employee who witnessed the incident.   Plaintiff refers to "many failures of the United States to comply with discovery," but does not specify any further information Defendant refuses to provide.   Finally, Plaintiff asks the Court to schedule a hearing on his Motion to Compel.

The Court will deny Plaintiff's Motion for Hearing, and will hold in abeyance Plaintiff's Motion to Compel, pending a response from the Defendant concerning the missing information raised in Plaintiff's Reply.  Accordingly,

IT IS, THEREFORE, ORDERED that:

1)      Plaintiff's Motion for Relief (Doc. No. 30) is DENIED.

2)      Plaintiff's Motion in Limine (Doc. No. 31) is DENIED.

3)      Plaintiff's Motion for Hearing (Doc. No. 36) is DENIED.

4)      Ruling on Plaintiff's Motion to Compel (Doc. No. 33) is held in abeyance, pending Defendant's response to Plaintiff's Reply.  Defendants shall file an additional Response within ten days of the date of this Order.

IT IS SO ORDERED this 26th day of July, 2011.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE