**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

DAVID I. NAMER,
REG. #15869-034                                                                                       PLAINTIFF

VS.                                            2:10-cv-00112-JTK

UNITED STATES OF AMERICA                                                                DEFENDANT

**MEMORANDUM AND ORDER**

**I.     Introduction**

This matter is before the Court on the Plaintiff's Motion for Summary Judgment (Doc. No. 53), Defendant's Cross-Motion for Summary Judgment (Doc. No. 57), and Plaintiff's Motion in Limine (Doc. No. 63). Plaintiff filed Responses to Defendant's Motion (Doc. Nos. 61, 64) and Defendant filed Responses to Plaintiff's Motions (Doc. Nos. 60, 67).

Plaintiff is a federal inmate incarcerated at the Federal Correctional Institution (FCI), Forrest City, Arkansas. He filed this action pursuant to the Federal Tort Claims Act (FTCA), seeking damages for injuries he suffered in a fall while working in the kitchen of the FCI on April 18, 2008, and in a fall from a chair in the cafeteria on February 21, 2010. Plaintiff also claims damages for inadequate medical treatment for his injuries.

According to the Plaintiff's Amended Complaint (Doc. No. 23) and Affidavit in support of his Summary Judgment Motion (Doc. No. 53, p. 11), Plaintiff assisted in the preparation of a Passover meal in the food services department on April 18, 2008. During that time, a staff member accompanied him to the butcher shop freezer in the kitchen area to store the prepared food. Id. "At that time, the floor in the area and in front of the Butcher Shop was dry and there was no one workign (sic) there." Id. Approximately thirty minutes later, Plaintiff left the freezer and "slipped

1

on greese (sic) and water that was on the floor." Id. As a result of the fall, Plaintiff sustained trauma to his mouth and jaw, a broken nose, bruises, trauma to his hip, left knee, and right shoulder. Id.

Later, on February 21, 2010, Plaintiff fell while sitting the dining room of the FCI. He claims the seat gave way, causing him to fall to the floor, and exacerbating his prior knee and shoulder injuries. Id. Plaintiff and a FCI employee inspected the seat and found that two small screws held the seat in place. Id. at p. 12. Plaintiff alleges that after the 2008 fall, he continuously complained about the pain in his mouth, jaw, left knee and right shoulder, and was promised he would be seen by specialists for his injuries. Id. He states recommended follow-up visits and MRI tests were not timely provided, and that he did not receive surgery to his knee and shoulder until August, 2011, and September, 2011. Id. He also claims he was denied access to an oral surgeon for his mouth and jaw injuries. Id.

## II. Summary Judgment Motions

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998), quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are

viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

### A. Plaintiff's Motion

Plaintiff claims Defendant owed him a duty to maintain a safe environment and to provide reasonable and timely medical care and treatment. He states there is no dispute of fact that he slipped on a wet floor, that Defendant was not aware of the condition of the floor, and that no warnings were placed about the condition of the floor. In addition, he states no dispute of fact exists that Defendant replaced welded seats in the dining room area with seats manufactured by the FCI industry, which were installed by FCI workers using screws. He claims Defendant's failure to ensure the proper installation of the seats breached its duty to provide for his safe-keeping. Finally, he claims no dispute that Defendant failed to timely and adequately provide him medical care for his injuries. He states surgery to his fractured nose was delayed for five months, surgery to his left knee was delayed for 41 months, surgery to his shoulder was delayed for 45 months, and that he never received treatment from an oral surgeon.

### B. Defendant's Response and Cross-Motion

#### 1. FTCA claims for falls

Defendant states the FTCA provides for a limited waiver of sovereign immunity for torts committed by its employees acting in the scope of their employment, in situations where a private individual would be liable under similar circumstances. 28 U.S.C. § 1346(b). In these situations, the court looks to state law regarding the liability of private persons, and Defendant cites other cases where inmate personal injury slip and fall cases have resulted in the application of state law premises

liability and the duty of care owed by the premises owner to an invitee. See Carson v. Corrections Corp. Of America, 2011 WL 1656509 (D.Colo. 2011); Bauer v. United States, 2010 WL 4942224 (M.D.Pa. 2010); and Schwensow v. United States, 2010 WL 1064062 (E.D.Mich. 2010).

In Arkansas, Defendant states a property owner owes a duty of care to invitees to maintain the premises in a reasonably safe condition. ConAgra, Inc. v. Strother, 68 Ark. App. 120, 5 S.W.3d 69 (1999). In order to establish a violation of the duty of care owed in a slip and fall case, a plaintiff must prove either (1) that the presence of a substance on the floor was a result of the defendant's negligence, or (2) the substance was on the floor for such a length of time that the defendant knew or reasonably should have known of its presence and failed to use ordinary care to remove it. Fayetteville Diagnostic Clinic, Ltd. v. Turner, 344 Ark. 490, 495, 42 S.W.3d 420, 423 (2001). "The mere fact that a person slips and falls does not give rise to an inference of negligence." Id.

Based on this standard, Defendant states Plaintiff cannot support a prima facie case against it for negligence. With respect to the April, 2008 fall, Defendant states that Plaintiff claims the floor deteriorated within thirty minutes and provides no evidence that the presence of the alleged grease and water on the floor was the result of negligence by an FCI employee, or that it was present on the floor for such a length of time that staff were aware or should have been aware of the condition. Furthermore, Defendant notes that Plaintiff slipped and fell on a wet floor in the food services area prior to this time, in February 2007, and was aware from this prior incident that inmate workers mopped often in areas and that any part of the floor could be wet. With respect to the February, 2010 incident, Defendant states Plaintiff does not support his claim that FCI employees were aware that the seats were constructed with an insufficient number of screws, or that prior to that time any other seats had collapsed under the weight of an inmate.

      2.      Failure to Exhaust

Defendant also states that Plaintiff failed to properly exhaust his claim that Defendant's employees failed to appropriately treat his medical conditions. Prior to filing a FTCA action, a claimant must present an administrative tort claim to the involved agency, and the remedy must be exhausted prior to filing a federal lawsuit. 28 U.S.C. §§ 2401(b), 2675(a); <u>McNeil v. United States</u>, 508 U.S. 106, 111, 113 (1993); <u>Allen v. United States</u>, 590 F.3d 541, 544 (8th Cir. 2009). In this particular case, Defendant states Plaintiff filed administrative tort claims ("Claim for Damage, Injury or Death"-SF95) following each of the incidents involved, in which he complained about the specific accidents and described the injuries he received. (Doc. No. 59-1, pp. 10, 12). However, Defendant states Plaintiff did not file a similar administrative claim complaining about the unavailability of appropriate medical care and treatment. (Doc. No. 59-1, p. 3). Finally, Defendant states that Plaintiff's medical treatment claim is actually an Eighth Amendment constitutional claim which is more appropriately asserted against individual federal employees in a <u>Bivens</u> action.

**C.**    **Motion in Limine**

Plaintiff responds to Defendant's exhaustion argument in this Motion, by asking the Court to declare he exhausted his administrative remedies. He refers to the exhibits he filed in a prior motion (Doc. No. 31) to show that he exhausted administrative remedies with respect to his request for examination by an oral surgeon, and further states that his efforts to file administrative remedies about his other claims on January 12, 2011, and January 19, 2011, were thwarted by Defendant's failure to respond. (Doc. No. 31, pp. 4-11).

In response to this Motion (Doc. No. 67), Defendant states that these administrative remedies which Plaintiff claims to have filed were Bureau of Prison (BOP) remedies which are required prior

5

to filing suits for constitutional violations in Bivens actions, and that the FTCA remedies are different and governed by 28 C.F.R. 543.30-540.32. Defendant states that inmates must exhaust Bivens and FTCA claims separately, and that exhaustion of one claim does not exhaust another, citing King v. United States, 2010 WL 5525362, *3 (E.D.Ark. 2010), adopted 2011 WL 39140 (E.D.Ark. 2011), aff'd 417 Fed.Appx. 609 (8th Cir. 2011). Therefore, Defendant states Plaintiff's medical claim against it should be dismissed for failure to exhaust the appropriate administrative remedies.

**D.  Analysis**

    1.  Exhaustion

The Court finds that Plaintiff failed to exhaust his medical treatment claim against Defendant, pursuant to FTCA requirements. As noted by Defendant, in order to file an action against the United States for injuries caused by the negligent or wrongful act of a government employee acting within the scope of his or her employment, one must first present the claim "to the appropriate Federal agency" and the claim "shall have been finally denied by the agency in writing." 28 U.S.C. § 2675(a). Furthermore, procedures for filing such claims are provided in 28 C.F.R. §§ 543.30-543.32. In this particular case, it is clear that Plaintiff was aware of these procedures, as he filed claims based on both the April 18, 2008 and February 21, 2008 incidents (Doc. No. 59-1, pp. 10, 12). Those claims were based on the occurrences of the accidents and the injuries received at the time. In addition, in the claim filed on June 28, 2010 for the February 21, 2010 incident, Plaintiff states, "I certify that the amount of the claim covers only damages and injuries caused by the accident above...." (Emphasis added.) Plaintiff does not claim that he filed a subsequent "Claim for Damage, Injury or Death" with respect to the subsequent alleged inadequate medical care and

treatment. In addition, the administrative claims Plaintiff states he filed in January, 2011, relating to his knee and shoulder injuries, were filed pursuant to the BOP remedy program, which is different from the FTCA remedy program. As noted by Defendants in their Response to Plaintiff's Motion in Limine, Bivens claims (ie: allegations of inadequate medical care in violation of the Eighth Amendment) cannot be asserted in a FTCA action against the United States. See FDIC v. Meyer, 510 U.S. 471, 477-78 (1994); Buford v. Runyon, 160 F.3d 1199, 1203 (8th Cir. 1998). In addition, the BOP remedies filed by Plaintiff were filed after the filing of this lawsuit, and the Prison Litigation Reform Act (PLRA) requires that administrative remedies be completely exhausted prior to the filing of a (Bivens) lawsuit. 42 U.S.C. § 1997e. Therefore, the Court finds that Plaintiff failed to properly exhaust his administrative remedies with respect to his FTCA claim for inadequate medical care and treatment.

2.   FTCA claims for falls

The Court finds that no material dispute of fact exists and that Defendant is entitled to judgment as a matter of law on Plaintiff's claims based on these two incidents. As stated earlier, the party moving for summary judgment "bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998), quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant '**must set forth specific facts showing that there is a genuine issue for trial.**'" Id. at 1135. (Emphasis added.) However, in this case, Plaintiff offers no evidence to support a prima facie case of negligence against the Defendant with respect to the occurrence of either incident.

With respect to the first incident, Plaintiff admits that thirty minutes prior to his fall, the floor was dry and clear. (Doc. No. 53, p. 11.) He also admits no employees were cleaning in the area at the time of his fall. Id. The Court finds that Plaintiff fails to provide any evidence to show that the substance on the floor at the time of the fall was the result of negligence by one of Defendant's employees, or that it had been present on the floor for such a length of time that Defendant reasonably should have known about it. See Fayetteville Diagnostic Clinic, 344 Ark. at 495, 42 S.W.3d at 423. He does not offer to provide any witness statements concerning the origin of the substance on the floor. In addition, as stated in Fayetteville Diagnostic, "[t[he mere fact that a person slips and falls does not give rise to an inference of negligence." Id.

In Conway v. Ellison Enterprises, Inc., the plaintiff sued Defendant grocery store owner after she slipped and fell on a grape in one of its stores. 93 Ark. App. 135, 217 S.W.3d 175 (2005). After noting the requirements for proving negligence, the court stated, "[i]n virtually every case involving a fall, the plaintiff will describe a floor as slick or slippery, and this alone is not sufficient to support a case for negligence....Possible causes of a fall, as opposed to probable causes, do not constitute substantial evidence of negligence....Moreover, the doctrine of *res ipsa loquitur* is inapplicable in slip-in-fall cases." Id., 93 Ark. App. at 143, 217 S.W.3d at 180 (citations omitted.)

Similarly, in this case, Plaintiff does not provide evidence to show that Defendant breached a duty of care which caused his slip and fall, and appears instead to rely on *res ipsa loquitur* to support his claim that because the accident occurred, Defendant must have been negligent.

With respect to the second incident, Plaintiff claims Defendant was negligent because only two small screws were found to hold the chair into place. However, Plaintiff provides no evidence (such as an expert opinion) to show that two screws were insufficient, that Defendant knew that the

screws were insufficient, or that such an incident had occurred previously so as to place Defendant on notice of the problem. Therefore, the Court finds that Plaintiff fails to support his FTCA claims against Defendant, and that his Complaint should be dismissed.

### III. Conclusion

IT IS, THEREFORE, ORDERED that:

1. Plaintiff's Motion for Summary Judgment (Doc. No. 53) is DENIED;

2. Defendant's Cross-Motion for Summary Judgment (Doc. No. 57) is GRANTED;

3. Plaintiff's Motion in Limine (Doc. No. 63) is DENIED;

4. Plaintiff's FTCA claims based on the falls are DISMISSED with prejudice;

5. Plaintiff's FTCA claim based on inadequate medical care and treatment is DISMISSED without prejudice.

IT IS SO ORDERED this 28th day of March 2012.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE